UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     - against-<br><br><br>LHC GROUP, INC. AND KEITH G. MYERS,<br><br>                              Defendants. | Case No. 6:12-CV-01609-JTT-CMH |

**STIPULATION AND PROTECTIVE ORDER REGARDING
<u>CONFIDENTIAL INFORMATION</u>**

WHEREAS, plaintiff City of Omaha Police and Fire Retirement System ("Lead Plaintiff") and defendants LHC Group, Inc. and Keith Myers (LHC Group, Inc. and Mr. Myers are collectively, "Defendants") (Lead Plaintiff and Defendants are collectively, the "Parties") each intends to seek formal and informal discovery from the other and may seek discovery from third parties;

WHEREAS, the Parties have stipulated and agreed that certain discovery material is and should be treated as confidential and that certain protections should be in place to govern the Parties' respective interests;

NOW, THEREFORE, pursuant to Fed. R. Civ. P. 26, the Parties stipulate and agree as follows (the "Agreement"):

1.   This Agreement shall apply to all information, documents (as defined in Fed. R. Civ. P. 34(a)(l)(A)), testimony, and other materials, including all originals, copies, and duplicates, that are produced in this litigation in discovery, anticipation of discovery, or in accordance with the Federal Rules of Civil Procedure relating to pre-discovery disclosures, including, but not limited to, deposition testimony pursuant to Fed. R. Civ. P. 30 and 31, answers to interrogatories pursuant to Fed. R. Civ. P. 33, documents and other materials produced pursuant to Fed. R. Civ. P. 34 or subpoena, information obtained from inspections of premises pursuant to Fed. R. Civ. P. 34, answers to requests for admission pursuant to Fed. R. Civ. P. 36, or information voluntarily produced upon request (collectively, "Information"). The Party or third party that produces or discloses Information shall be referred to herein as the "Disclosing Party." This Agreement shall not apply to any publicly available information obtained by other legal means.

2.   The Parties to this Agreement shall jointly seek entry of this Agreement as an Order in this litigation.

**CONFIDENTIAL INFORMATION**

3.   "Confidential Information" shall be defined as Information that a Disclosing Party considers to constitute or contain confidential, sensitive, or proprietary business

information or documents, the disclosure of which might adversely affect a Party's competitive position, business operations, economic interests, or personal private information such as, by way of example only, Information containing trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(l)(G), or confidential, sensitive, or proprietary business information or otherwise confidential, non-public personal information concerning individuals, such as social security numbers, non-business telephone numbers and addresses, tax returns, personnel evaluations, and medical, credit, and banking information that a Party has designated as Confidential pursuant to paragraph 5 herein.

4. All Confidential Information produced in discovery by any Party or non-party shall be used solely for the purpose of the above-styled action and any related appeals, and for no other purpose, including, but not limited to, any other litigations. Any Party or third party that receives such Confidential Information in the course of this litigation shall maintain such Information in a secure manner so as to avoid disclosure of that Information.

5. Confidential Information may be designated confidential as follows:

    a. By marking each page a Disclosing Party produces with the following legend: "CONFIDENTIAL";

    b. With respect to deposition testimony, by making such designation on the record or by letter sent within 10 business days of receipt of the official transcript, or such other time which may be agreed upon in writing; and

    c. With respect to any other thing, by marking the thing in a conspicuous manner with the following legend: "CONFIDENTIAL"

6. After designation and until further order, Confidential Information shall not be disclosed to any person other than:

    a. The Parties, including their officers, directors, in-house counsel, and other employees as reasonably necessary to the prosecution and/or defense of this litigation;

      b.      Counsel for the Parties, including regular employees of counsel who are assisting in the prosecution and/or defense of the litigation, and employees of any firm retained to copy, process, or otherwise reproduce, catalogue, or present the Confidential Information for use in accordance with this Order;

      c.      Expert witnesses and consultants, including, but not limited to, jury consultants and mock jurors employed by them, retained by the Parties to assist in the prosecution and/or defense of the litigation, including employees or independent contractors of such expert witnesses and consultants;

      d.      Persons who are indicated on the face of the document to have been authors or recipients of the Confidential Information;

      e.      The Court and Court personnel;

      f.      Any reporter or video operator recording or transcribing a deposition in the litigation;

      g.      Actual or potential deposition or trial witnesses in this litigation, and their counsel, only to the extent necessary to conduct or prepare for depositions or potential testimony in this case;

      h.      Any mediator or arbitrator engaged by the Parties; and

      i.      Other persons only after notice to all Parties and upon order of the Court, or upon written consent of the Disclosing Party.

      7.      No Confidential Information shall be disclosed to any person identified in subparagraphs (c), (g), (h), or (i) above unless the person has read and agreed to be bound by this Agreement and has endorsed a declaration in the form attached hereto as Exhibit A, which declaration shall be retained by counsel.

      8.      The persons described in paragraph 6 above may have full access to Confidential Information as necessary for the prosecution and/or defense of the litigation, but are prohibited from using or disclosing it for any other purpose, including any business,

governmental, or commercial purpose, or any other administrative or judicial proceedings or actions.

## THIRD PARTY DESIGNATIONS

9. Any third party who produces Confidential Information in this litigation and who agrees to be bound by the terms of this Agreement may designate such Confidential Information as confidential if counsel for the third party, in good faith, believes that such discovery material reveals a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) or confidential, sensitive, or proprietary business information, and that the material so designated fits within the definitions set forth in paragraph 3 above. Disclosure of such material shall be limited as set forth in paragraphs 6 and 10, as appropriate.

10. In the event that additional persons or entities become party to this litigation (thus becoming a "Party"), such Parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the new party confirms in writing to all other Parties that it has read this Agreement and agrees to be bound by its terms.

## GENERAL PROVISIONS

11. Each Party shall have the responsibility to advise the Disclosing Party promptly of any losses or compromises of the confidentiality of information or documents governed by this Agreement. It shall be the responsibility of the Party that lost or compromised the Confidential Information of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

12. The special treatment accorded to Confidential Information shall extend to and include:

    a. all copies, extracts, and complete or partial summaries prepared from such information; and

    b. all information or documents derived from such information and all documents that discuss or refer to such information, including, but not limited to, deposition

transcripts, deposition exhibits, and any portion of any discovery response, affidavit, brief, exhibit, or other papers filed with the Court.

13. Subject to paragraph 14 below, nothing in this Agreement prevents the use of Confidential Information in submissions to the Court during the course of this litigation or at trial of this matter.

14. In the event that counsel for any Party determines that it is required to file or submit to the Court any document containing or referring to Confidential Information, such counsel shall first seek leave of the Court to file said document under seal.  If the Court grants the request, counsel shall file a sealed copy of the document with the Court's chambers and also shall file a redacted copy of the document with the Clerk of the Court.

15. Entering into this Agreement, producing or receiving Confidential Information, agreeing to produce or receive Confidential Information, agreeing to a designation of confidentiality, or otherwise complying with the terms of this Agreement shall not:

    a. Operate as an admission by the receiving party that any Confidential Information contains or reflects trade secrets or any other type of confidential information;

    b. Prejudice in any way the right of any Party to move for relief from or modification of this Agreement, generally or with respect to particular Confidential Information;

    c. Prevent the Parties from agreeing to modify or waive the provisions or protections provided herein, generally or with respect to any particular discovery Confidential Information, provided that any modification or waiver as to Confidential Information designated by a third party shall require the consent of that disclosing third party.

16. To the maximum extent permitted by law, the undersigned agree, and the Court orders, that the production of documents by any Disclosing  Party  shall be governed by Fed. R. Civ. P.  26(b)(5)(B) and Fed. R. Evid. 502 regarding the inadvertent production of material protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law ("Privileged Material").

17. If a Disclosing Party, or any other party purporting to hold a privilege, has a good faith belief that Privileged Material has been inadvertently produced, it shall promptly, after discovery, notify the receiving parties of its claim of privilege or protection.

18. Upon receipt of any notice claiming that a document is or includes Privileged Material, all other parties (regardless of whether they agree with the claim of privilege or work-product protection) shall, within 21 calendar days:

    a. use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in their possession, custody, or control, and notify the Disclosing Party, or any other party purporting to hold a privilege, that they have done so;

    b. notify the Disclosing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Fed. R. Civ. P. 26(b)(5)(B).

19. Within 30 calendar days after receiving the notification required by paragraph 18(b) above, the Disclosing Party shall produce a privilege log with respect to the inadvertently produced documents.

20. To the extent a receiving party disputes the claim of privilege or work-product protection (the "Disputing Party"), the Disputing Party shall notify the Disclosing Party, or any other party purporting to hold a privilege, of its position within 10 calendar days of receiving the notice contemplated in paragraph 17 of this Order (the "Dispute Notification"). Within 10 calendar days of receiving the Dispute Notification, the Disclosing Party, or any other party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the Disputing Party in an effort to resolve their disagreement. If the disagreement is not resolved, the Disputing Party may bring the issue to the Court's attention pursuant to the Court's discovery procedures and seek an Order compelling production of the inadvertently produced documents or material. In arguing issues concerning an asserted protection for Privileged

Material, no party shall claim a waiver by reason of the inadvertent production in this action, a related action, or to a government agency of documents that are the subject of the dispute.

21. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in the above-styled action shall not constitute a waiver of any applicable privilege, protection, or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

22. Inadvertent failure to designate Confidential Information as confidential at the time of production may be remedied by supplemental written notice. If such notice is given, all Confidential Information so designated shall be subject to this Agreement as if it had been initially so designated.

23. If a Party objects to the designation of any Confidential Information as confidential it may so notify the Disclosing Party and all other Parties in writing. The notice shall identify specifically the Confidential Information from which the objecting party wishes to have the designation removed and specify the reasons why the declassification is sought. The challenged material shall be deemed classified as originally proposed unless, within 20 calendar days after service of the notice, the objecting party has filed and served a motion to declassify the original designation or to establish other confidentiality protections. Pending the Court's ruling on said motion and any appeal therefrom, all Confidential Information designated confidential shall retain such designation and remain subject to the terms of this Agreement.

24. If Confidential Information is at any time subpoenaed or otherwise required to be produced by legal process by any person or entity not a Party to this Agreement, the party to whom the subpoena or other legal process is directed shall, to the extent permitted by applicable law, give the Disclosing Party prompt written notice of the subpoena or other legal process.

25. Within 60 calendar days after final resolution of this litigation, at the request of counsel for any party who designated Confidential Information as confidential, counsel for any

party receiving such Confidential Information shall collect all such Confidential Information from all persons to whom it was disclosed, including all original documents and copies. Counsel who receives such Confidential Information shall either return or destroy all such Confidential Information, and, at the request of the Disclosing Party, shall certify in writing to counsel for the Disclosing Party that all such Confidential Information has been so returned or destroyed. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product containing Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose such Confidential Information to any person except pursuant to this Agreement. In the case of archival media from which removal of designated materials would be very burdensome, counsel may be relieved from destroying the materials by providing a certification that the media is archival in nature, that removal would be a significant burden, and that the Confidential Information will not be accessed under any circumstances. All Confidential Information returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

26. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of documents, testimony or other evidence in this action.

27. This Agreement has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

28. This Agreement shall remain in force and effect until modified, superseded, or terminated by agreement of the Parties. Notwithstanding the termination of this lawsuit or the pendency of any appeal, if the Court so orders this Agreement, the Court shall have continuing jurisdiction and authority to enforce the Order and to address any alleged violation of the Order.

IT IS SO ORDERED.

**THUS DONE AND SIGNED** this ___1___ day of ~~September~~ October, 2013. Lafayette, Louisiana.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

CONSENTED TO:
**LEMMON LAW FIRM, LLC**

/s/ Andrew A. Lemmon
ANDREW A. LEMMON (#18302)
15058 River Road
PO Box 904
Hahnville, LA 70057
Telephone:
Facsimile:
Email:

DAVID R. SCOTT
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:   (860) 537-4432
Email:   david.scott@scott-scott.com

DEBORAH CLARK-WEINTRAUB
JOSEPH P. GUGLIELMO
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY 10174
Telephone:  (212) 223-6444
Facsimile:  (212) 223-6334
Email:   dweintraub@scott-scott.com
         jguglielmo@scott-scott.com

ANNE L. BOX
JOHN T. JASNOCH
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**

/s/ John A. Jordak, Jr.
John A. Jordak, Jr.
Georgia Bar No. 404250
*Pro Hac Vice*
Elizabeth Gingold Greenman
Georgia Bar No. 917979
*Pro Hac Vice*
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 881-7868
Facsimile: (404) 253-8358

/s/ Gary J. Russo
Gary J. Russo (#10828)
Carmen M. Rodriguez (#22573)
**JONES WALKER LLP**
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone: (337) 593-7610
Facsimile: (337) 593-7601

*Counsel for Defendants LHC Group, Inc. and Keith G. Myers*

10

707 Broadway, Suite 1000
San Diego, California 92101
Telephone:  (619) 233-4565
Facsimile:
Email:  abox@scott-scott.com
           jjasnoch@scott-scott.com

*Attorneys for Plaintiff City of Omaha
Police and Fire Retirement System*

11