RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE ___8__/__1__/__14__
_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CITY OF OMAHA POLICE AND FIRE
RETIREMENT SYSTEM, Individually and
on Behalf of All Others Similarly Situated,

       Plaintiff,

v.

LHC GROUP, INC. AND KEITH G.
MYERS,

       Defendants.

CIVIL ACTION
NO.    6:12-CV-01609-JTT-CMH

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court styled *City of Omaha Police and Fire Retirement System v. LHC Group, Inc. and Keith G. Myers*, Civil Action No. 6:12-cv-01609-JTT-CMH (the "Litigation");

WHEREAS, Plaintiff's Counsel having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of June 16, 2014 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on December 11, 2014, at 1:30 p.m., at the United States District Court for the Western  District of Louisiana, 800 Lafayette Street, Courtroom 6, Lafayette, Louisiana 70501 to determine: (a) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment as provided in §§IV(1.13) and (1.14) of the Stipulation should be entered; (c) whether the proposed Plan of Allocation should be approved; (d) whether the Lead Plaintiff should be reimbursed for its reasonable costs and expenses (including lost wages) directly related to its representation of the

- 1 -

Class in this Litigation;  (e) the amount of fees and expenses that should be awarded to Lead Counsel; (f) whether the Court should grant certification to the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); and (g) to rule upon such other matters as the Court may deem appropriate.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the settlement, a Class consisting of all Persons who purchased or otherwise acquired LHC common stock between July 30, 2008 and October 26, 2011, inclusive. Excluded from the Class are: (i) Persons otherwise meeting the definition of the Class who submit valid and timely requests for exclusion from the Class; and (ii) Defendants, directors and officers of LHC and their families and affiliates.

4.     Solely for purposes of the settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Pursuant to Rule 23 of the Federal Rules for Civil Procedures, and for the purposes of settlement only, Lead Plaintiff City of Omaha Police and Fire Retirement System is preliminary

certified as Class Representative for the Class, the law firm of Scott+Scott, Attorneys at Law, LLP is preliminary appointed Class Counsel for the Class, and Lemmon Law Firm, LLC is preliminary appointed Liaison Counsel for the Class.

6.      If for any reason the Effective Date, as defined in §IV(1.9) of the Stipulation, does not occur, this conditional certification of the Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties.  In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Federal Rule of Civil Procedure 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release ("Proof of Claim"), and the Summary Notice for publication annexed as Exhibits A-1 to A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶8 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

8.      The Court appoints Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than August 22, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms

annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

       (b)    Not later than September 1, 2014, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A- 3 hereto, to be published once in the national edition of *Investor's Business Daily* and posted by *PR Newswire*;

       (c)    Not later than August 22, 2014, the Claims Administrator shall post on its website at www.lhcsecuritieslitigation.com the Stipulation, Notice and Proof of Claim Form; and

       (d)    Not later than September 29, 2014, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.    Nominees who purchased LHC common stock for the benefit of another Person during the period July 30, 2008 and October 26, 2011, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of LHC common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

10.    All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

11.    All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

12.    Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the

Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than one hundred and forty (140) calendar days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

13.    Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

14.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than thirty (30) calendar days prior to the Settlement Hearing.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of LHC common stock during the Class Period, including the dates, the number of shares of LHC common stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class.  The Request for Exclusion must also include documents evidencing each acquisition of LHC common stock during the Class Period, such as brokerage statements or confirmation slips. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

15.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within fourteen (14) calendar days prior to the Settlement Hearing.

16.    Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the Lead Plaintiff should not be reimbursed for its reasonable costs and expenses (including lost wages) directly related to its representation of the Class in this Litigation, or why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the reimbursement to Lead Plaintiff of reasonable costs and expenses (including lost wages) directly related to its representation of the Class in this Litigation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiff, unless written objections and copies of any papers and briefs are received by John Jasnoch, Esq., Scott+Scott, Attorneys at Law, LLP, 707 Broadway, Suite 1000, San Diego, CA 92101 and John A. Jordak, Jr., Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309, on or before November 4, 2014; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Western District of Louisiana, on or before November 4, 2014. The written objections must: (a) demonstrate via brokerage statements, affidavit, confirmation slips or other documentation, the objecting Person's membership in the Class, including the number of shares of LHC common stock purchased and sold during the Class Period and the dates of any such purchase(s) and sale(s), the price at which the LHC common stock was purchased and/or sold; and

- 6 -

(b) contain a statement of the reasons for objection.  Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, to reimbursement of Lead Plaintiff's costs and expenses, and to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

17.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.    All papers in support of the settlement, Plan of Allocation, and any application by counsel for Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶16 and any reply papers (which may include a response to objections, if any) shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

19.    Neither Defendants nor their Related Parties shall have any responsibility for, or liability whatsoever with respect to, notice procedures; the investment, administration, or distribution of the Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or processing of claims; the Net Settlement Fund or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees or expenses submitted by the Lead Plaintiff or Lead Counsel; or, any allocation of the Fee and Expense Award by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

20.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any request for reimbursement of Lead Plaintiff's reasonable costs and expenses, and any application for attorneys' fees and expenses, should be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to §§IV(2.4) or (2.5) of the Stipulation.

22.     Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

24.     All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.  Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff, nor any Class Member, either directly, representatively, or in any other capacity, shall commence or

prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

      25.    If: (a) the settlement is terminated by Defendants pursuant to §IV(7.4) of the Stipulation; or (b) any specified condition to the settlement set forth in the Stipulation is not satisfied and the settlement is terminated as provided in §IV(7.3) of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Settling Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

      IT IS SO ORDERED.

DATED:   _August 1, 2014_

                                  JAMES T. TRIMBLE, JR.
                                  U.S. DISTRICT JUDGE