UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>LHC GROUP, INC. AND KEITH G. MYERS,<br><br>  Defendants. | CIVIL ACTION<br>NO. 6:12-CV-01609-JTT-CMH |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO LEAD COUNSEL AND GRANTING THE REQUEST OF THE LEAD PLAINTIFF FOR REIMBURSEMENT OF COSTS AND EXPENSES**

This matter having come before the Court on the motion of Lead Counsel for: (1) an award of attorneys' fees and expenses incurred in this litigation; and (2) the reimbursement of the reasonable costs and expenses (including lost wages) incurred by Lead Plaintiff City of Omaha Police and Fire Retirement System ("Lead Plaintiff" or "Omaha Police and Fire") in its representation of the Class in this action; the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated June 16, 2014 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. The Court finds that an award of attorneys' fees under the percentage-of-recovery method is proper in this case, and further finds that a fee award of one third of the Settlement Fund is fair, reasonable and consistent with awards made in similar cases. Furthermore, the Court has reviewed the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989), and finds that they support the award.

4. The Court has also performed a rough lodestar cross-check and finds that the hours and rates are reasonable for the amount, and specialized type of, work performed. Moreover, the multiplier is well within the range of reasonableness. *See Burford v. Cargill, Inc.*, C.A. 05-0283, 2012 WL 5471985, at *6 n.1 (W.D. La. Nov. 8, 2012) (multipliers of "1 to 4 typically approved by

courts within [the Fifth] circuit"); *DiGiacomo v. Plains All American Pipeline*, No. 99-4173, 2001 WL 34633373, at *11 (S.D. Tex. Dec. 19, 2001) (stating same and approving 5.3 multiplier).

5.  The Court hereby awards Lead Counsel attorneys' fees of one third of the Settlement Fund, plus accrued interest.  The Court hereby awards payment of expenses in an aggregate amount of $_____, to be paid from the Settlement Fund.  Said attorneys' fees shall be allocated by Lead Counsel in a manner which in their good faith judgment reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.

6.  The awarded attorneys' fees and expenses shall be paid from the Settlement Fund immediately after the date this Order is executed, subject to the terms, conditions, and obligations of Stipulation, and in particular ¶6.1 thereof, which terms, conditions, and obligations are incorporated herein.

7.  The Court finds that an award to Lead Plaintiff for its reasonable costs and expenses (including lost wages) spent directly in its representation of the Class and prosecution of this action is fair and reasonable, and thus, awards Omaha Police and Fire $_____ from the Settlement Fund.

IT IS SO ORDERED.

DATED: _____    _____
 THE HONORABLE JAMES T. TRIMBLE, JR.
 UNITED STATES DISTRICT JUDGE

2